Citation Nr: 1522727 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 13-18 656 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to service connection for coronary artery disease.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Joshua Castillo, Associate Counsel

INTRODUCTION

The Veteran served on active duty from June 1968 to June 1971 and from September 1971 to May 1989.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a May 2011 rating decision of the Columbia, South Carolina, Regional Office (RO) of the Department of Veterans Affairs (VA).

The issue of entitlement to service connection for ischemic heart disease has been recharacterized as service connection for coronary artery disease to comport with the evidence of record. 


FINDING OF FACT

The Veteran set foot in the Republic of Vietnam in 1972 and currently has coronary artery disease.


CONCLUSION OF LAW

The criteria for service connection for coronary artery disease have been met. 38 U.S.C.A. §§ 1110, 1116, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. § 3.303 (2014). 

A veteran who, during active military, naval, or air service, set foot in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975, shall be presumed to have been exposed to an herbicide agent. 38 U.S.C.A. § 1116 (West 2014); 38 C.F.R. § 3.307(a) (2014). If a veteran was exposed to an herbicide agent during active service, certain diseases including ischemic heart disease, which includes coronary artery disease, are presumed to be service connected, even though there is no record of the disease during service, provided that the rebuttable presumption provisions of 38 C.F.R. § 3.307(d) are not satisfied. 38 U.S.C.A. § 1116(a); 38 C.F.R. § 3.309(e) (2014).

It is undisputed that the Veteran was presumed to be exposed to herbicide agents during service in the Republic of Vietnam in 1972. Accordingly, this case turns on whether the Veteran has a current diagnosis of ischemic heart disease, which includes coronary artery disease. 

In June 2012, a VA examiner, who was a physician, reported that the Veteran was diagnosed with coronary artery disease on July 19, 2000, citing a positive stress myoview. The examiner also reported that the Veteran's heart condition qualifies within the generally accepted medical definition of ischemic heart disease.

In addition, VA treatment records show that the Veteran has received regular treatment for coronary artery disease since March 17, 2006, when he underwent heart catheterization due to stress-induced ischemia. For instance, the Veteran had an assessment of coronary artery disease in March 2013.

As there is no evidence that the Veteran's current coronary artery disease is due to an intercurrent injury, event, or disease, service connection for coronary artery disease is warranted on a presumptive basis. 38 C.F.R. § 3.309.

ORDER

Service connection for coronary artery disease is granted.



____________________________________________
S. HENEKS
Acting Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs